



1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT
9 ## CENTRAL DISTRICT OF CALIFORNIA

10

11 IN RE: REED E. SLATKIN, )
et at., )
12 )
        Debtor. )
13 )
KENDALL DORSETT, )
14 MICHAEL MCGAHEE AND ANN )
AND SEYMOUR THOMAS )
15 )
        Appellants, )
16 )
        v. )
17 )
R. TODD NEILSON, )
18 Chapter 11 Trustee )
)
19        Appellee. )
_____)
20 KIRKLAND & ELLIS LLP, )
)
21        Cross-Appellant, )
)
22        v. )
)
23 KENDALL DORSETT, )
MICHAEL MCGAHEE AND ANN )
24 AND SEYMOUR THOMAS )
)
25        Cross-Appellees. )
_____)
26

CV 04-1950 RSWL

CV 04-2017 RSWL

**ORDER AFFIRMING
BANKRUPTCY COURT'S
ORDER RESPECTING THE
FINAL FEE APPLICATION
OF KIRKLAND & ELLIS
LLP**

BK # ND01-11549 RR
Adv # N/A

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

1

27

# I.   INTRODUCTION

This is an appeal and cross-appeal from the Bankruptcy Court involving a case arising from the bankruptcy proceedings of Reed Slatkin ("Debtor").  Appellants are Kendall Dorsett, Michael McGahee and Ann and Seymour Thomas ("Appellants" and "Cross-Appellees"), who are individuals allegedly defrauded by Reed Slatkin after giving him their money to invest.

Kirkland and Ellis ("K&E") is the law firm representing the Trustee.  On February 3, 2004 the Bankruptcy Court approved the final fee application of K&E for its representation.  Appellants appeal this order and seek to reduce the fees awarded to K&E.  Also before the Court is K&E's cross appeal, which is based on the Bankruptcy Court's reduction of the initial fee amount requested by K&E.

# II.  BACKGROUND

On May 1, 2001. Mr. Slatkin filed a voluntary petition for bankruptcy relief under Chapter 11.  During the time after the petition was filed, K&E has represented: (1) the individuals who now compromise the Trust Board in their individual capacities; (2) the Trustee; (3) the Creditors' Committee; and (4) the Trust Board.  Based on this

1  representation, the Bankruptcy Court awarded K&E
2  $6,141,980.83.

3

4      Appellants seek to reduce the fees awarded to K&E in
5  three areas of their representation.  First, K&E was
6  involved in a lawsuit filed on September 5, 2002 against
7  three of Slatkin's former banks for alleged negligence and
8  misfeasance of the banks in allowing Slatkin to perpetrate
9  fraud (the "Bank Litigation").  Initially, K&E filed suit on
10 behalf of the Trustee, the Creditors' Committee members as
11 individuals, and a putative class encompassing all
12 individuals who entrusted money to Mr. Slatkin.  In that
13 case, the court denied class certification on the basis of
14 inadequate representation due to K&E's involvement in the
15 litigation currently before this Court.  However, while K&E
16 was not able to represent the class, the District Court in
17 that case did not disqualify them from representing the
18 Trustee and the Creditors' Committee.  Appellants argue that
19 this representation resulted in double-billing and therefore
20 is not entitled to the corresponding attorneys' fees.

21

22     The second area of representation at issue is related
23 to a settlement from the Bryan Cave law firm, which
24 represented Slatkin when he was investigated by the SEC.
25 Appellants' objection to the fees earned for the settlement
26 stem from a perceived conflict of interest.  Appellants

3

1  argue that K&E had a close relationship with Bryan Cave
2  which was withheld from the Bankruptcy Court.

3

4      The final area in dispute is K&E's work in opposing a
5  Motion to Disqualify their firm from representing the
6  Trustee.

7

8      Based on the above areas of representation, appellants
9  request review of the following questions:

10

11     1.   Were counsel for the Trustee, the firm of Kirkland
12          & Ellis, entitled to be reimbursed by the estate
13          for fees for representation as to which it had a
14          conflict of interest?

15

16     2.   Were counsel for the Trustee, the firm of Kirkland
17          & Ellis, entitled to be reimbursed by the estate
18          for fees for representation related to actions that
19          did not benefit the estate?

20

21     3.   Were counsel for the Trustee, the firm of Kirkland
22          & Ellis, entitled to be reimbursed by the estate
23          for fees it billed here, but will also be receiving
24          in another case?

25

26     4.   Were Counsel for the Trustee, the firm of Kirkland

& Ellis, entitled to be reimbursed by the estate
for fees they are seeking for work performed
despite a failure to disclose connections with a
party in interest as required by Bankr. Rule 2014?

Appellants request that K&E's final pre-plan
confirmation compensation be reduced by $883,027,
representing the amount it earned in the "Bank Litigation,"
in opposing the motion to disqualify in the instant case,
and in negotiations with the Bryan Cave law firm.  This
reduction would reduce their total fee amount from
$6,141,980.83 to $5,258,953.83.

The Cross Appeal

K&E also file a Cross-Appeal based on the Bankruptcy
Judge's cap of $450 per hour for their fees.  This reduction
was apparently directed at one attorney (Mr. Richard Wynne)
who was billing $550 per hour.

III.    DISCUSSION

A.  Judicial Notice

Pursuant to Fed. R. Evid. 201(a), the Court may take
judicial notice of adjudicative facts only.  "[A]djudicative

1 │ facts are those to which the law is applied in the process

2 │ of adjudication."  Advisory Notes to Fed. R. Evid. 201

3 │ (quoting Kenneth Davis; 2 Administrative Law Treatise at

4 │ 353).  "A judicially noticed fact must be one not subject to

5 │ reasonable dispute in that it is either (1) generally known

6 │ within the territorial jurisdiction of the trial court or

7 │ (2) capable of accurate and ready determination by resort to

8 │ sources whose accuracy cannot reasonably be questioned."

9 │ Fed. R. Evid. 201(b).  A court must take judicial notice if

10 │ a party requests it and supplies the court with the

11 │ requisite information.  Fed. R. Evid. 201(d).

12 │

13 │     Appellants request judicial notice of various documents

14 │ filed with the Bankruptcy Court including: (1) the first

15 │ interim fee application; (2) the Bankruptcy Court's order

16 │ approving the first interim fee application; (3) the second

17 │ interim fee application; and (4) the order approving the

18 │ second interim fee application.  All such documents are

19 │ pursuant to bankruptcy case ND-11549 and are capable of

20 │ accurate and ready determination by resort to sources whose

21 │ accuracy cannot be reasonably questioned.  Accordingly, this

22 │ Court **GRANTS** Appellants' request for judicial notice.

23 │

24 │ **B.   Appeal of Order Approving Final Fee Application**

25 │

26 │     **1.   Standard of Review**

6

1    The standard of review with respect to a Bankruptcy
2  Court's award of attorney's fees is an abuse of discretion.
3  In re B.U.M. Int'l, Inc., 229 F.3d 824, 828 (9th Cir. 2000).
4
5    **2.   Legal Standard for Fee Approval**
6
7    Reasonable fees may be awarded for the representation
8  of the Trustee under Title 11, United States Code, Section
9  330.   In determining the reasonableness of such fees, the
10  Court shall consider the nature, the extent, and the value
11  of such services, taking into account all relevant factors
12  including:
13
14  •    the time spent on such services;
15  •    the rates charged for such services;
16  •    whether the services were necessary to the
17       administration of, or beneficial at the time at which
18       the service the service was rendered toward the
19       completion of, a case under this title;
20  •    whether the services were performed within a reasonable
21       amount of time commensurate with the complexity,
22       importance, and nature of the problem, issue, or task
23       addressed; and
24  •    whether the compensation is reasonable based on the
25       customary compensation charged by comparably skilled
26       practitioners in cases other than cases under this

7

1    title

2

3    11 U.S.C. § 330(a)(3)(A)(A)-(E).  The standard is expounded

4    upon in <u>In re Mednet, MPC Corp.</u>, where the Ninth Circuit

5    Bankruptcy Appeals Panel wrote, "the applicant must

6    demonstrate only that the services are reasonably likely to

7    benefit the estate."  251 B.R. 103, 108 (B.A.P. 9th Cir.

8    2000).

9

10   Attorneys' fees are disallowed if the attorney is "not

11   a disinterested person, or represents or holds and interest

12   adverse to the interest of the estate."  11 U.S.C. § 328(c).

13

14

15   3.   **<u>Analysis of the Appeal</u>**

16

17   Appellants argue that the Bankruptcy Court erred in

18   awarding K&E fees in three areas: the Bank Litigation, work

19   relating to the Bryan Cave settlement, and work opposing the

20   motion to disqualify the firm.

21

22        a.   **Fees earned by K&E in Bank Settlement**

23

24   Appellants' objection to fees earned by K&E in relation

25   to the Bank Settlement stem from a perceived conflict of

26   interest and possible double-billing.

The Bank Litigation, filed on September 5, 2002 involved claims against three of Slatkin's former banks for the alleged negligence and misfeasance of the banks in allowing Slatkin to perpetrate fraud.  Initially, K&E filed suit on behalf of the Trustee, the Creditors' Committee members as individuals, and a putative class encompassing all individuals who entrusted money to Mr. Slatkin.  Class certification was denied on the basis of inadequate representation due to K&E's involvement in this litigation. However, while K&E was not able to represent the class, the District Court in that case did not disqualify them from representing the Trustee and the Creditors' Committee. Thus, Appellants' conflict of interest argument is unpersuasive.

The litigation was settled which resulted in a $954,184.16 payment to the Estate.  The Bankruptcy Court awarded K&E $564,522 in fees relating the Bank Litigation. Perhaps based on perceived double-billing, the fees for this representation were first voluntarily reduced by K&E and then further reduced by the Bankruptcy Court.  Thus, while the fee is substantial in relation to the settlement amount, the Bankruptcy Judge's reduction and subsequent fee approval is not an abuse of discretion.

   **b.   Fees earned by K&E for Bryan Cave settlement**

1

2      Appellants' objection to the fees earned for the

3   settlement with Bryan Cave stems from a perceived conflict

4   of interest between K&E and Bryan Cave.  Appellants argue

5   that K&E had a close relationship with Bryan Cave which was

6   withheld from the Bankruptcy Court.

7

8      Bryan Cave represented Reed Slatkin during the SEC's

9   investigation and eventually negotiated a settlement with

10  K&E for payment to the estate.  While K&E apparently made

11  representations that the recovery would be $80-100 million,

12  the $650,000 was eventually recovered.  Appellants argue

13  that this settlement was secretly reached before the First

14  or Second Amended Joint Plan of Reorganization.  Thus,

15  Appellants argue, creditors were unaware when they approved

16  the plan that a settlement had already been agreed upon.

17  The Bankruptcy Court nevertheless approved the final fee

18  schedule which included $300,000 to K&E from the claim

19  against Bryan Cave.

20

21      The Bankruptcy Court did not abuse its discretion in

22  awarding K&E these fees.  K&E and Bryan Cave apparently were

23  co-counsel in a Missouri bankruptcy case for six weeks

24  during the pendency of the current case.  The Bankruptcy

25  Court ruled that disclosure was unnecessary because "there

26  was no material connection to disclose" and "the fact that

1 | no statement that they worked together was put into the
2 | original employment application or a supplemental
3 | declaration is of no moment." Appellants' Excepts 54:11-14.
4 | Thus, as there was no apparent conflict of interest, it was
5 | not an abuse of discretion to approve the fees.

c. **Fees earned by K&E for opposing the motion to disqualify the firm as counsel**

Appellants argue that K&E should not be reimbursed for $18,505 incurred in opposing the motion to disqualify as the Estate did not benefit from such work.

The Bankruptcy Court's approval of such fees, however, was not an abuse of discretion. The disqualification motion was denied and the Bankruptcy Court recognized the potential of disrupting the confirmation process should the Trustee have to find new representation and further delay the distribution of assets to creditors.

In sum, the Bankruptcy Court did not abuse its discretion in awarding K&E fees for their work on the Bank Litigation, the Bryan Cave settlement, or the motion to disqualify the firm. Accordingly, the Court **AFFIRMS** the Bankruptcy Court's award.

**C.  Cross Appeal of Kirkland and Ellis**

11

1    K&E file a Cross-Appeal based on a $450 per hour fee

2  cap imposed by the Bankruptcy Judge.  This reduction was

3  apparently directed at one attorney who was billing $550 per

4  hour.  K&E characterizes the issue as whether "the

5  Bankruptcy Court err[ed] when it substituted its own

6  judgment for the market's and imposed an arbitrary ceiling

7  on the hourly rates for a number of Kirkland's professionals

8  that is below the market rates for comparable

9  practitioners?"

10

11    **1.   Standard of Review**

12

13    Curiously, for the above Appeal, K&E argues that the

14  standard of review is abuse of discretion, as it relates to

15  an award of attorneys' fees.  But based on the same award of

16  attorneys fees, for the Cross Appeal, K&E argues that the

17  standard of review is *de novo* as it pertains to an erroneous

18  construction of Section 330.

19

20    While Appellants fail to object to K&E articulated

21  standard of review, K&E is nonetheless misguided.  The Court

22  is being asked to review the same award of attorneys fees

23  under the same interpretation of Section 330 for this Cross-

24  Appeal as it did on the Appeal.  Thus, the appropriate

25  standard of review is again abuse of discretion. See In re

26  Strand, 375 F3d 854, 857 (9th Cir. 2004); In re B.U.M.

1  Int'l, Inc., 229 F.3d 824, 828 (9th Cir. 2000).

2

3

4  **2.   Analysis**

5

6  As discussed above, reasonable fees are recoverable by
7  K&E pursuant to 11 U.S.C. § 330.  The reasonableness factors
8  articulated and discussed above are again relevant in
9  assessing the nature, the extent, and the value of services:

10

11  •   the time spent on such services;

12  •   the rates charged for such services;

13  •   whether the services were necessary to the
14      administration of, or beneficial at the time at which
15      the service the service was rendered toward the
16      completion of, a case under this title;

17  •   whether the services were performed within a reasonable
18      amount of time commensurate with the complexity,
19      importance, and nature of the problem, issue, or task
20      addressed; and

21  •   whether the compensation is reasonable based on the
22      customary compensation charged by comparably skilled
23      practitioners in cases other than cases under this
24      title

25

26  The Bankruptcy Court imposed a cap of $450 per hour on

1 | K&E's representation of the Trustee.  K&E argues that its
2 | requested hourly rates were consistent or less than the
3 | market rates for comparable practitioners.  They argue that
4 | the Bankruptcy Judge's cap was arbitrary and without any
5 | articulated findings.
6 |
7 |     The Bankruptcy Court is in the best position to
8 | determine what is a reasonable rate as it often deals with
9 | the issue of attorneys' fees for bankruptcy practioners.
10 | Thus, a $450 cap is not an abuse of discretion and this
11 | Court **AFFIRMS** the Bankruptcy Court's order.
12 |
13 |
**IT IS SO ORDERED.**
                                    RONALD S.W. LEW

                    _____
                        **RONALD S.W. LEW**
                    United States District Judge

DATED: February 10, 2005

14

# NOTICE PARTY SERVICE LIST

Case No. _CV 04-1950 RSWL_   Case Title _In Re: Reed Slatkin_

Title of Document _Order Affirming BK Court's Order_

| | |
|---|---|
| | Atty Sttlmnt Officer |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Fiscal Section |
| | Intake Supervisor |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |
| | Stratton, Maria - Federal Public Defender |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| X | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| X | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (include suite or floor):


*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**




**Initials of Deputy Clerk**